FILED
SUPERIOR COURT
OF GUAM

2025 OCT -3 PH 3: 41

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | CIVIL CASE NO. CV0471-07 |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER** |
| FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the Estate of Jesus U. Torres, and Peter F. Perez, | |
| Defendants. | |
| DANIEL U. TORRES and BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTABAN TORRES FAMILY TRUST DATED MAY 12, 1995, | |
| Plaintiff Intervenors, | |
| vs. | |
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | |
| Defendants and | |
| GLORIA C. SHOLING, | |
| Third Party Defendant. | |

This matter came before the Honorable Vernon P. Perez on June 6, 2025, for hearing on Defendant Peter F. Perez's Motion for Summary Judgment, filed March 20, 2025. Present were Attorney Wayson Wong on behalf of Successor Plaintiff Catherine Sholing and Attorney Mitchell F, Thompson on behalf of Defendant Peter F. Perez. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

**BACKGROUND**

This matter arose from a retainer agreement signed on October 15, 1987 ("1987 agreement") between Ms. Ana Sholing ("Ms. Sholing") and Attorney Jesus U. Torres ("Attorney Torres"), in which Attorney Torres would provide legal services to family members in exchange for ten percent (10%) of the monthly rental earnings from the Pacific Islands Club ("PIC") Property in Tumon for a period of twenty-five (25) years. Ms. Sholing was the mother of Plaintiffs Manuel C. Sholing ("Manuel") and Rosario S. Bautista ("Rosario") (collectively, "Plaintiffs") and Third-Party Defendant Gloria C. Sholing ("Gloria"). Manuel and Rosario allege improprieties in the handling of their business and financial affairs by Attorney Torres and, following his death, by Defendant Peter Perez ("Defendant Perez"). After Attorney Torres death, Defendant Perez collected rent payments for the PIC property and continued to notify the Sholing family about the 10% deductions by sending rent statements that showed the attorney-fee deductions from the rental disbursements. *Bautista v. Torres,* 2020 Guam 28 ¶ 5.

After Ms. Sholing passed away in September 2005, Manuel and Rosario contacted their counsel, Wayson Wong, to assist them with the deductions issue. On November 15, 2006, Attorney Wong sent a letter to Defendant Perez objecting to any further deductions under the 1987 Agreement. After Ms. Sholing's passing, Defendant Perez was engaged by Gloria to represent her as Executrix in the probate of Ms. Sholing's will. Pursuant to a Statutory Fee Contract, Defendant Perez represented Gloria as the Executrix of the decedent's will in Probate Case No. PR0125-05.[1] Gloria was appointed Executrix of the Estate of Ana C. Sholing ("the

---

[1]    The Statutory Fee Contract provided the following regarding attorney's fees:

*Bautista v. Torres*
Case No. CV0471-07
Decision and Order

Estate") on December 1, 2005. Several months later, on April 13, 2006, the Probate Court held a hearing on the Petition for Final Distribution (filed February 14, 2006) and granted the Petition. The Decree Settling Final Account of Executrix and Final Distribution was filed on April 24, 2006; however, it was not until October 23, 2006 that a Notice of Entry on Docket was filed for the Final Decree. The Estate was valued approximately at twenty-four million dollars ($24,000,000.00). The Probate Court awarded Attorney Perez attorney's fees in the amount of $249,256.50 pursuant to the contract and statutory guidelines. The Final Deree was never appealed.

On April 17, 2013, the court granted summary judgment for Defendant Perez, finding that the Plaintiffs' claims in the Third Amended Complaint were time-barred or moot. *See* Dec. & Order, Apr. 17, 2013. On appeal, the Supreme Court of Guam affirmed the grant of summary judgment for Defendant Perez as to counts five through seven. *See Bautista,* 2020 Guam 8. The Supreme Court reversed the grant of summary judgment for Defendant Perez as to the Eighth Count and Tenth through Twelfth Counts.[2] *Id.*

On June 4, 2021, a Suggestion of Death on the Record under GRCP Rule 25(a) was filed by Attorney Wong, setting forth that Plaintiffs / Intervention Defendants Rosario S. Bautista and Manuel C. Sholing died during the pendency of this action.

On July 7, 2021, Jose S. Bautista ("Jose") and Catherine B. Sholing ("Catherine") filed a Motion to Substitute Parties as prospective successors. The Court granted the Motion to Substitute for Catherine as to the Eighth Count of the Third Amended Complaint. (Dec. & Order at 15, Jul. 25, 2022). The Court later granted a Motion to Reconsider for Jose as to the Eighth Count as well, by and through Catherine as an appointed representative of Jose's mother's

---

ATTORNEY'S FEE: Client agrees to compensate Attorney in an amount to be calculated as the statutory fee pursuant to Title 15 G.C.A. §§ 2803 and 2811. In addition, client shall be responsible for any and all costs incurred such as court filing fee, process server fees, long distance charges and copying fees at the rate of 15 ¢ per page.

(Decl. of Peter F. Perez, Exh. A, Mar. 20, 2025).

[2] Count Nine of the Third Amended Complaint was withdrawn by Plaintiffs. (Dec. & Order at 17, Apr. 17, 2013).

ancillary estate on Guam. (Dec. & Order at 8, Aug. 10, 2023). The Court denied the Motion to Substitute as to counts ten through twelve, finding the prospective successors lacked standing to assert the claims. (Dec. & Order at 15, Jul. 25, 2022). Accordingly, the remaining claim at this time against Defendant Perez is Count Eight – Breach of Fiduciary Duties.[3]

On March 20, 2025, Defendant Perez filed the instant Motion for Summary Judgment. On April 17, 2025, Successor Plaintiff filed her Opposition. On May 1, 2025, Defendant Perez filed his Reply.

On May 2, 2025, Successor Plaintiff filed a Notice to this Court About Defendant Perez's Counsel's Misrepresentations of the Applicability of the Apparently Pivotal Holding in a Ninth Circuit Court Case Allegedly in Support of Defendant Perez's Motion for Summary Judgment ("Notice"). On May 5, 2025, Defendant Perez filed an Objection to Plaintiff's "Notice".

On June 6, 2025, the Court heard arguments on the Motion for Summary Judgment and subsequently placed the matter under advisement.

## DISCUSSION

**I. Successor Plaintiff's Notice filed May 2, 2025**

The Court first addresses Successor Plaintiff's Notice filed May 2, 2025, which was objected to by Defendant Perez on May 5, 2025. Defendant Perez objects to the filing of the "Notice," arguing that it is an improper sur-reply, which should be disregarded by the Court. *See generally,* Obj., May 5, 2025. The Notice is six pages long and includes arguments in response to Defendant Perez's Reply filed May 1, 2025. As previously noted by the Court, motion practice is governed by Rule 7.1 of the Local Rules of the Superior Court of Guam. *See* Local Rule CVR 7.1(c). The local rules only contemplate the filing of a memorandum in support of the motion, an opposition, and a reply. *See* CVR 7.1(c)(2); CVR 7.1(d)(1); and CVR 7.1(d)(2). Successor Plaintiff did not request leave of court prior to or contemporaneously with the filing of the Notice.

---

[3] On February 10, 2025, Successor Plaintiff filed a Joinder Motion, moving the Court to join Jose S. Bautista in this case as a plaintiff for the Tenth to Twelfth Counts pursuant to GRCP Rule 19. The Court also heard arguments on the Joinder Motion on June 6, 2025. That Motion will be addressed in a separate decision and order.

Therefore, to the extent that the Notice contains additional arguments in response to Defendant Perez's Reply, the Court will disregard such.

## II. Summary Judgment Standard

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. Rule 56(a) (2022). A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Izuka Corp. v. Kawasho Int'l (Guam) Inc.*, 1997 Guam 10 ¶ 7. The factual dispute must concern a material fact. *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "[T]he Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Guam R. Civ. P. Rule 56(c)(1) (2022). "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cnty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

## III. Count Eight – Breach of Fiduciary Duties

At issue before the Court is whether summary judgment should be granted as to Count Eight – Breach of Fiduciary Duties. The Eighth Count is based on Defendant Perez's representation of Gloria C. Sholing in PR0125-05. *See* Third Am. Compl. ¶¶ 128-150, Jul. 10, 2009. Plaintiffs allege that at all times relevant, Defendant Perez was also the attorney for Manuel and Rosario. *Id.* at ¶ 131. Plaintiffs allege that Defendant "Perez knew or should have known that he had a conflict of interest with respect to his personal interests and the interests of his

clients, Mrs. Bautista and Mr. Sholing, in that if he charged the statutory attorney's fees versus his usual and customary hourly fees for the probate work he was going to do for the Executrix and the Sholing estate, he would erode the value of the estate substantially, such that his clients would receive much less." *Id.* at ¶ 134. Plaintiffs allege that "[d]uring the probate proceedings, [they] . . . indicated to Perez that they had concerns about the attorney's fees for the probate and that they wanted to address the probate court about the issue. . . . [D]espite them voicing their concerns, Perez caused the probate proceedings to be completed without notice to them and that Perez was liable to them for this breach of fiduciary duty." *Bautista,* 2020 Guam 28 ¶ 38. *See also* Third Am. Compl. ¶¶ 137-150.

The court previously found that "Count Eight was a collateral attack on the probate judgment" and granted summary judgment because "the Sholings and their attorney, Wayson Wong, had notice of the probate proceedings." *Bautista,* 2020 Guam 28 ¶ 40. On appeal, the Supreme Court of Guam found summary judgment inappropriate as to this count because there remained disputed issues of material fact regarding "whether the Sholings or their attorney, Wayson Wong, had notice of the relevant probate proceedings." *Id.* at ¶ 41. The Supreme Court noted that the record regarding the Sholing's notice of the probate proceedings was unclear and "[g]iven that Perez was the only counsel of record at the time and that the notice [of entry on docket] lists no other lawyer other than Perez, it is possible that the Sholing heirs were unaware of the notice because Perez concealed the fact." *Id.* at ¶ 40. The Court finds that there remain disputed material facts as to whether or not the Sholings or Attorney Wong had notice of the relevant probate proceedings. Defendant Perez sets forth in his declaration that "[a]t no time did Plaintiffs, or their current counsel, request that I advise them as to when the final decree in their late mother's probate matter was entered on the docket by the court. Nor did I ever agree to advise them of that information." (Decl. of Peter F. Perez ¶ 6, Mar. 20, 2025). Attached to the Successor Plaintiff's Opposition is a Facsimile Memorandum from Attorney Wong to Defendant Perez dated September 23, 2006, inquiring about the status of the probate and a statement "I confirm that you agreed with me to advise me 14 days in advance before any efforts by you to make the remaining payment to the court to close the estate." (Opp'n, Exh. 2). The Supreme Court also noted that

Attorney Wong's November 15, 2006 letter to Defendant Perez "makes clear that Wong was *unaware* of the award." 2020 Guam 28 ¶ 40 (emphasis in the original). The concerns of the Supreme Court after the appeal of the prior Motion for Summary Judgment and the assertions of the parties make it clear that there are genuine issues of material fact. Accordingly, the Court finds it inappropriate to grant summary judgment at this time.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant Perez's Motion for Summary Judgment.

**IT IS SO ORDERED** this __3rd__ day of October, 2025.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam